SEPEHR DAGHIGHIAN, State Bar No. 239349
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**
433 North Camden Drive, Fourth Floor
Beverly Hills, California 90210
Telephone: (310) 887-1333
Facsimile: (310) 887-1334
E-mail: sepehr@daghighian.com

Attorney for Defendant:
**LIVE ENTERTAINMENT, INC.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY TRADESHOW MANAGEMENT GROUP, LLC, a New Jersey Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>LIVE ENTERTAINMENT, INC., a Nevada Corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. CV 10-4811-CAS (Ex)<br><br>**ANSWER TO COMPLAINT** |

Defendant, LIVE ENTERTAINMENT, INC., a Nevada Corporation, ("Defendant" or "Live Entertainment") hereby responds to the Plaintiff's Complaint against Defendant:

**JURISDICTION AND VENUE**

1.   Defendant admits the allegations made in Paragraph 1 of the Complaint.

2.   Defendant admits the allegations made in Paragraph 2 of the

Complaint.

## THE PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore, on that basis, denies those allegations.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore, on that basis, denies those allegations.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore, on that basis, denies those allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore, on that basis, denies those allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore, on that basis, denies those allegations.

## FACTUAL ALLEGATIONS

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore, on that basis, denies those allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore, on that basis, denies those allegations.

13. Defendant is without knowledge or information sufficient to form a

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

belief as to the truth of the allegations in Paragraph 13, and therefore, on that basis, denies those allegations.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore, on that basis, denies those allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore, on that basis, denies those allegations.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 does not appear in the Complaint. Accordingly, no answer is required.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

## FIRST CAUSE OF ACTION

### Trademark Infringement Under 15 U.S.C. § 1114

### (Against All Defendantss)

27. Defendant fully incorporates by reference its response to the allegations of Paragraphs 1 through 26, inclusive.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore, on that basis, denies those allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore, on that basis, denies those allegations.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

## SECOND CAUSE OF ACTION

**Federal Trademark Dilution Under 15 U.S.C. § 1125(c)**

**(Against All Defendants)**

37. Defendant fully incorporates by reference its response to the allegations of Paragraphs 1 through 36, inclusive.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

## THIRD CAUSE OF ACTION

**False Designation of Origin and Unfair Competition**

**(Against All Defendants)**

46. Defendant fully incorporates by reference its response to the allegations of Paragraphs 1 through 45, inclusive.

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

| | |
|---|---|
| 47. | Defendant denies the allegations in Paragraph 47 of the Complaint. |
| 48. | Defendant denies the allegations in Paragraph 48 of the Complaint. |
| 49. | Defendant denies the allegations in Paragraph 49 of the Complaint. |
| 50. | Defendant denies the allegations in Paragraph 50 of the Complaint. |
| 51. | Defendant denies the allegations in Paragraph 51 of the Complaint. |

## FOURTH CAUSE OF ACTION

### Cybersquatting in Violation of 15 U.S.C. § 1125(d)

### (Against All Defendants)

52. Defendant fully incorporates by reference its response to the allegations of Paragraphs 1 through 51, inclusive.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.
54. Defendant denies the allegations in Paragraph 54 of the Complaint.
55. Defendant denies the allegations in Paragraph 55 of the Complaint.
56. Defendant denies the allegations in Paragraph 56 of the Complaint.
57. Defendant denies the allegations in Paragraph 57 of the Complaint.
58. Defendant denies the allegations in Paragraph 58 of the Complaint.
59. Defendant denies the allegations in Paragraph 59 of the Complaint.
60. Defendant denies the allegations in Paragraph 60 of the Complaint.
61. Defendant denies the allegations in Paragraph 61 of the Complaint.
62. Defendant denies the allegations in Paragraph 62 of the Complaint.

## FIFTH CAUSE OF ACTION

### Cybersquatting in Violation of 15 U.S.C. § 1129

### (Against All Defendants)

63. Defendant fully incorporates by reference its response to the allegations of Paragraphs 1 through 62, inclusive.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.
65. Defendant denies the allegations in Paragraph 65 of the Complaint.
66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

## FIFTH CAUSE OF ACTION

## Cybersquatting in Violation of California Business & Professions Code § 17525

## (Against All Defendants)

68. Defendant fully incorporates by reference its response to the allegations of Paragraphs 1 through 67, inclusive.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT
## AND TO EACH ALLEGED CLAIM FOR RELIEF STATED THEREIN

As separate affirmative defenses to the Complaint, and to each purported Claim for Relief stated therein, the Defendant alleges:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

The Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and each purported Claim for Relief therein, fails to state sufficient facts to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff has failed to take adequate steps to minimize, alter, reduce or otherwise diminish their damages, if any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, Plaintiff is barred from the recovery of

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

damages.

## THIRD AFFIRMATIVE DEFENSE

(Uncertainty)

The Complaint and each purported Claim for Relief asserted therein are uncertain.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

The Defendant is informed and believes and thereon alleges that Plaintiff is, by its own conduct and omissions, barred from asserting any claims or damages or from seeking other relief from the Defendant by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Defendant is informed and believes and thereon alleges that Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

The Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

The Defendant is informed and believes and thereon alleges that Plaintiff, by its actions and/or omissions, knowingly, voluntarily and willingly waived any rights it might otherwise have by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Defendant is informed and believes and thereon alleges that by virtue of Plaintiff's unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiff should be barred from recovering against the Defendant by the equitable

doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Invalid and Unenforceable Trademark)

The Defendant is informed and believes and thereon alleges that the one or more of the Trademarks alleged to exist in the Complaint are invalid and unenforceable.

## TENTH AFFIRMATIVE DEFENSE

(Generic Trademark)

The Defendant is informed and believes and thereon alleges that the one or more of the Trademarks alleged to exist in the Complaint is invalid and unenforceable for being made generic by the Plaintiff's actions in failing to enforce the mark and allowing others to use the alleged mark.

## ELEVENTH AFFIRMATIVE DEFENSE

(Privilege)

The Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred or limited, in whole or in part, because Defendant have not engaged in any unlawful or unfair business practices and Defendant' conduct was proper and performed under the competition privilege.

## TWELFTH AFFIRMATIVE DEFENSE

(Conduct Not Unfair or Unlawful)

The Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred or limited, in whole or in part, because the Defendant' conduct was neither unlawful nor unfair in that Defendant were maintaining their rights to compete with Plaintiff and others on a level playing field and/or the Defendant conduct was consistent with standards in the industry and governing law.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Exercise of Intellectual Property Rights)

The Defendant is informed and believes and thereon alleges that Plaintiff's

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

claims are barred or limited, in whole or in part, because the conduct about which Plaintiff complains was at all times consistent with the lawful exercise of the Defendant intellectual property rights

### FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Distinctiveness/Secondary Meaning)

The Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred or limited, in whole or in part, because the one or more of the alleged marks is not inherently distinctive and has not become distinctive in that purchasers do not associate the alleged mark with the Plaintiff alone. Accordingly, the purported mark is not entitled to protection under the trademark laws.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Fair Use)

The Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred or limited, in whole or in part, because the Defendant use of the marks, if any, was fair use.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Abandonment)

The Defendant are informed and believe, and on that ground allege that Plaintiff has chosen to selectively enforce its purported mark and have failed to actively pursue other alleged third party infringers, thereby limiting the scope of any protectable rights it may have in said mark. Therefore, Plaintiff never had or have abandoned any protectable rights it claims in the purported mark.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Mootness)

The Defendant are informed and believe, and on that ground allege that each and every claim asserted by the Plaintiff seeking relief is moot because the Defendant are not advertising, distributing, offering for sale or selling any goods or services by using the purported marks.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

The Defendant conduct was at all times undertaken in good faith and without any intent to infringe Plaintiff's purported trademarks.

## NINETEENTH AFFIRMATIVE DEFENSE

(Conduct Not Fraudulent)

The Defendant is informed and believes and thereon alleges that its business practices are not "fraudulent" within the meaning of the Lanham Act.

## TWENTIETH AFFIRMATIVE DEFENSE

(Plaintiff Lacks Standing)

The Defendant is informed and believes and thereon alleges that, as to each and every Claim for Relief or purported Claim for Relief contained in the Complaint, Plaintiff lacks standing to bring and maintain this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

The Defendant is informed and believes and thereon alleges that Plaintiff is not entitled to equitable relief because Plaintiff has an adequate remedy at law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Legal Causation)

The Defendant is informed and believes and thereon alleges that at all times mentioned in Plaintiff's Complaint, the Defendant acts were not a legal cause of damages, if any, to Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Damages Cannot be Determined)

The Defendant is informed and believes and thereon alleges that the damages, if any, of Plaintiff, are speculative, uncertain and not capable of being determined by a finder of fact.

///

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient for Damages)

The Defendant is informed and believes and thereon alleges that Plaintiff's Complaint fails to state facts sufficient to support an award of damages for attorneys' fees, expert witness fees and any other litigation fees, costs, and expenses as against these Answering Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to Join a Necessary Party)

The Defendant is informed and believes and thereon alleges that Plaintiff's Complaint fails to join a party or parties necessary for just adjudication of this action as required by Fed. R. Civ. P. 19.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

The Defendant is informed and believes and thereon alleges that they may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize its claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may have some responsibility.  Defendant therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

**WHEREFORE**, The Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint and that the Complaint be dismissed with prejudice;

2. That judgment be entered against Plaintiff and in favor of the

1  Answering Defendant;

2    3.    That Plaintiff pay all Defendant' fees and costs; and

3    4.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,
**LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.**

Dated: August 12, 2010

/s/Sepehr Daghighian
SEPEHR DAGHIGHIAN, ESQ.
Attorney for Defendant: Live Entertainment, Inc.

LAW OFFICES OF SEPEHR DAGHIGHIAN, P.C.
433 NORTH CAMDEN DRIVE, FOURTH FLOOR
BEVERLY HILLS, CALIFORNIA 90210

- 12 -
**ANSWER TO COMPLAINT**