1  Michael W. Fattorosi, Esq., Calif. State Bar No. 193538
   michael@fattlegal.com
2  Michael D. Kuznetsky, Esq., Calif. State Bar No. 241045
   mikek@fattlegal.com
3  FATTOROSI & ASSOCIATES, P.C.
   5850 Canoga Avenue, Suite 400
4  Woodland Hills, CA 91367
   (818) 881-8500, Fax (818) 881-9008
5
6  Attorney for Plaintiff, VICTORY TRADESHOW MANAGEMENT GROUP, LLC

7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| VICTORY TRADESHOW MANAGEMENT GROUP, LLC, a New Jersey Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>LIVE ENTERTAINMENT, INC., a Nevada Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 10-4811 CAS (Ex)<br><br>*[Assigned to the Honorable Christina A. Snyder, Courtroom 5]*<br><br>**JOINT REPORT OF EARLY MEETING (F.R.C.P. 26(f))**<br><br>Scheduling Conference<br>Date:      November 15, 2010<br>Time:      11:00 a.m.<br>Courtroom: 5<br><br>Complaint Filed:   June 29, 2010 |

Plaintiff, VICTORY TRADESHOW MANAGEMENT GROUP, LLC ("VICTORY" or "Plaintiff") and Defendant, LIVE ENTERTAINMENT, INC. ("LIVE" or "Defendant") (collectively, "the Parties") hereby submit the following Joint Report of Early Meeting pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Re: Notice to Counsel [DE 13]:

### Joint Rule 26 Report

1.   On September 21, 2010, counsel for the Parties met to conduct the ordered Early Meeting and Rule 26(f) conference. Plaintiff was represented by Michael W. Fattorosi, Esq. and Michael D. Kuznetsky, Esq. of Fattorosi & Associates, P.C. Defendant was represented by Stephen Michael Kernan, Esq. of The Kernan Law Firm.

1

2.  **L.R. 26-1 Requirements**

(A)  Complex Cases

The Parties agree this case should not be deemed complex.

(B)  Motion Schedule

Defendant anticipates bringing a Motion for Judgment on the Pleadings and a Motion for Summary Judgement on all or some of Plaintiff's claims and Defendant's affirmative defenses. Plaintiff anticipates bringing a Motion for Summary Judgement on all or some of Plaintiff's claims and Defendant's affirmative defenses.

The Parties suggest a deadline of July 11, 2011 for all dispositive motions to be made.

(C)  Settlement

The Parties have engaged in settlement discussions. The Parties do not have any suggestions at this time for a settlement plan.

(D)  Trial Estimate

The Parties estimate that 5 days will be required for trial. Less time may suffice if issues are narrowed prior to trial.

(E)  Additional Parties

Subject to further discovery, the Parties do not anticipate adding additional parties.

(F)  Expert Witnesses

The Parties agree to the following schedule with respect to expert disclosures:

| | |
|---|---|
| Initial Designation with Rule 26(a)(2) Report: | May 9, 2011 |
| Rebuttal Designation with Rule 26(a)(2) Report: | June 6, 2011 |
| Supplementations under Rule 26(e): | June 20, 2011 |

///

3. **Fed.R.Civ.P. 26(f)(3) Discovery Plan**

(A)   The Parties will exchange initial disclosures on or before October 5, 2010. The Parties agree that no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

(B) The Parties anticipate discovery on the following subjects:

**Plaintiff**

1. The redirection of the at-issue domain names to www.adultcon.com.
2. Defendant's purported clothing line featuring the at-issue trademark.
3. Defendant's knowledge of Plaintiff's competing business.
4. Defendant's registration and ownership of the at-issue domain names.

**Defendant**

1. The basis for Plaintiff's claims that the at-issue trademark was used in commerce by Defendant.
2. Plaintiff's damages.
3. Plaintiff's failure to give notice before filing this action.

The Parties reserve the right to seek discovery on other issues that are reasonably calculated to lead to the discovery of admissible evidence that may become apparent or necessary as the case progresses.

The Parties agree on a discovery cut-off date of June 13, 2011.

The Parties do not believe discovery should be conducted in phases or be limited to or focused on particular issues.

(C)   The parties have not identified any issues regarding disclosure or discovery of electronic-stored information, including the form or forms in which it should be produced.

1  (D)  The Parties have not identified any issues about claims of privilege or of
2  protection as trial-preparation materials. The Parties will endeavor to resolve any such issue
3  by agreement should it arise.

5  (E)  At this time, the Parties see no need to alter the limitations imposed on
6  discovery by the Federal or Local Rules.

4. **Agreed Schedule**

The Parties have agreed on the following scheduling dates:

| | |
|---|---|
| Deadline to Join Parties/Amend Pleadings: | March 14, 2011 |
| Designation of Experts: | |
| Initial Designation with Rule 26(a)(2) Report: | May 9, 2011 |
| Rebuttal Designation with Rule 26(a)(2) Report: | June 6, 2011 |
| Supplementations under Rule 26(e): | June 20, 2011 |
| Discovery Cut-off: | June 13, 2011 |
| Dispositive Motion Cut-off: | July 11, 2011 |
| Pretrial Conference: | August 15, 2011 |
| Trial: | October 3, 2011 |

Dated: October 5, 2010        FATTOROSI & ASSOCIATES, P.C.

By: _____
Michael W. Fattorosi, Attorney for Plaintiff,
VICTORY TRADESHOW MANAGEMENT
GROUP, LLC

Dated: September 30, 2010     LAW OFFICE OF STEPHEN MICHAEL KERNAN

By: _____
Stephen Michael Kernan, Attorney for
Defendant, LIVE ENTERTAINMENT, INC.

4

JOINT REPORT OF EARLY MEETING (F.R.C.P. 26(f))

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5850 Canoga Avenue, Suite 400, Woodland Hills, California 91367.

    On October _5_, 2010, I served the foregoing document described **JOINT REPORT OF EARLY MEETING (F.R.C.P. 26(f))** on the interested parties in this action:

___ By placing ___ the original ___ true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

_X_ By placing ___ the original _X_ true copies thereof enclosed in sealed envelopes addressed as follows:

Stephen Michael Kernan, Esq.
The Kernan Law Firm
9663 Santa Monica Blvd #450
Beverly Hills, CA 90210
**Attorney for Defendant,
LIVE ENTERTAINMENT, INC.**

_X_ (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on a motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ (FACSIMILE) By causing a true and correct copy of same to be sent by facsimile to the addressee(s).

___ (PERSONAL SERVICE) By causing such envelope to be delivered by hand to the office(s) of the addressee(s).

Executed on October _5_, 2010, at Woodland Hills, California.

_X_ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___ I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

_____
MICHAEL KUZNETSKY

F:\FATTOROSI & ASSOCIATES\CIVIL\Victory v. Live\Rule26f-JointReport(FINAL).wpd