1  Stephen M. Kernan, State Bar No. 181747
   Jessica A. Wood, State Bar No. 269562
2  THE KERNAN LAW FIRM
   9663 Santa Monica Blvd., Suite 450
3  Beverly Hills, California 90210
   Telephone: (310) 490-9777
4  Facsimile: (310) 861-0503
   MKernan@kernanlaw.net
5
   Attorneys for Defendant
6  LIVE ENTERTAINMENT, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 VICTORY TRADESHOW            )   Case No. 2:10CV04811-CAS
   MANAGEMENT GROUP, LLC, a     )
12 corporation,                 )
                                )   **NOTICE OF AMENDED MOTION**
13          Plaintiff           )   **AND AMENDED MOTION TO**
                                )   **QUASH DEPOSITION NOTICE OR**
14     vs.                      )   **ALTERNATIVELY FOR**
                                )   **PROTECTIVE ORDER**
15 LIVE ENTERTAINMENT, INC., a  )   **CONTINUING THE DATE OF THE**
   corporation; and DOES 1 through 10, )   **DEPOSITION; MEMORANDUM OF**
16 inclusive,                   )   **POINTS AND AUTHORITIES;**
                                )   **DECLARATION OF RENAUD**
17          Defendants.         )   **WEST;  DECLARATION OF S.**
                                )   **MICHAEL KERNAN**
18                              )
                                )   [Proposed] Protective Order Continuing
19                              )   the Date of the Deposition filed
                                )   concurrently herewith
20                              )
                                )   Date: February 28, 2011
21                              )   Time: 10:00 a.m.
                                )   Dept.: 5
22                              )
                                )   Hon. Christina A. Snyder
23 _____  )

24

25

26 TO THE COURT AND ALL PARTIES:  Please take notice that on February 28,

27

28 2011 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

                                  1

Honorable Christina A. Snyder,  at Courtroom 5, of the above-entitled court located at 312 North Spring Street, Los Angeles, California, Defendant, Live Entertainment, Inc. ("Live") will and hereby does will make the Amended Motion as set forth below.

(1) For an order quashing the Notice of Deposition of the Person Most Knowledgeable (PMK) of Defendant, Live Entertainment, Inc., pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, on the ground that Plaintiff, Victory Tradeshow Management Group, LLC ("Victory") failed to provide reasonable notice of the taking of the deposition.

(2) Alternatively, if there is a showing that the deposition Notice was timely served, for a protective order scheduling the deposition for a reasonable time when Defendant and Defendant's counsel are available, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities and the Declaration of S. Michael Kernan filed concurrently herewith, the documents and records in the Court's file regarding this action, any oral argument that may be presented at the hearing

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

1    on this motion, and any other matter the Court deems appropriate.

2

3

4    DATED: January 19, 2011                    Respectfully submitted,

5                                               THE KERNAN LAW FIRM

6

7                                          By:_____

8                                               S. Michael Kernan

9                                               Jessica A. Wood
                                                Attorneys for Defendant
10                                              Live Entertainment, Inc.

11

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED MOTION TO QUASH NOTICE OF DEPOSITION OR FOR A PROTECTIVE ORDER**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  <u>INTRODUCTION</u>

Plaintiff has noticed a deposition on only twelve days notice which is improper under *Paige v. Consumer Programs, Inc.,* 248 F.R.D. 272, 275 (C.D. Cal. 2008).  Defendant's counsel is unavailable on that date so he asked Plaintiff for a short continuance of three weeks, which Plaintiff refused, even though there are more than six months left for discovery.  Therefore, this motion seeks a protective order against Plaintiff's harassing conduct and seeks a reasonable setting of the date for the deposition.

Additionally, Defendant's client detrimentally relied on Plaintiff's agreement to take the deposition off the calendar and made other business arrangements for that day which prevent him from being available for the deposition, the exact nature of which Defendant does not wish to disclose to Plaintiff, its competitor.

Defendant received notice only six court days prior to day of the deposition (the deposition had originally been set but was taken off calendar by Plaintiff), which was set for January 19, 2011.  At the first available time, Defendant's counsel filed this motion for protective order to stop Plaintiff's harassing conduct.

Defendant seeks an Order Quashing the Notice of Deposition based upon

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

1

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

the fact that it is untimely and improper, or, if the request for an order quashing Notice is denied, a Protective Order Continuing the Date of the Deposition to a date convenient to Defendant and its counsel.

This Motion was initially filed the day before the deposition was set and Defendant planned to file an order shortening time (See Kernan Decl., ¶ 13.) However, Defendant's counsel learned Plaintiff's counsel was unavailable for the previous date and thus the hearing was set for February 28, 2011.

## II. FACTUAL BACKGROUND FOR THIS MOTION

Defendant's counsel had a mandatory court appearance set for January 19, 2011 and had an obligation that day due to his responsibilities teaching law school at University of California, Hastings College of Law.  (See Kernan Decl., ¶ 3.)   As to the part of the conflict for Defendant's counsel, attached hereto as Exhibit "L" is proof that counsel was unable to attend the deposition as set due to conflicting hearings.  (See Kernan Decl., ¶ 14, Ex. "L".)   Defendant's counsel informed Plaintiff's counsel that he could not appear at the Deposition at the earliest date.  (See Kernan Decl., ¶ 3, Ex. "B".)  Plaintiff's counsel agreed to take the deposition off the calendar. (See Kernan Decl., Ex. "E".)  Plaintiff, in bad faith, refused to provide any available dates to reschedule the deposition.  (See Kernan Decl., Ex. "B", "F" & "J".)  On January 7, 2011, despite the fact that Plaintiff's counsel knew Defendant's counsel was unavailable,   Plaintiff's

AMENDED MOTION TO QUASH NOTICE OF DEPOSITION OR FOR A PROTECTIVE ORDER

counsel sent a letter unilaterally re-noticing the deposition for that day without allowing reasonable time for notice, only 12 days prior to the deposition date. (See Kernan Decl., Ex. "I".)  Additionally, Plaintiff's counsel refuses to meet and confer on these issues prior to the date scheduled for the deposition.  Thus, Plaintiff is burdening, embarrassing and harassing Defendant by improperly and unreasonably scheduling the deposition of Defendant's PMK for a time when it knows Defendant's PMK and Defendant's counsel are unavailable, simultaneously threatening to seek sanctions if Defendant's PMK does not appear.

   After Plaintiff's counsel agreed to a short continuance to February, Defendant's counsel informed his client that the deposition was off the calendar. (See Kernan Decl., ¶ 6.)  Believing the deposition was off calendar, Defendant made other business arrangements for that day which prevent him from being available for the deposition.  (See West Decl., ¶¶ 1-3.)

## III.   DEFENDANT HAS SATISFIED THE MEET AND CONFER REQUIREMENT

   Plaintiff has satisfied the "meet and confer" requirements of F.R.Civ.Proc. Rule 26(c) and Local Rule 37-1.  (*See* Kernan Decl., Ex. "B" through "K".) Defendant has, in good faith, repeatedly asked for an in-person meet and confer to schedule the deposition and discuss the issues herein but Plaintiff has refused

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

3

to meet prior to the time for the deposition at issue.  (*See* Kernan Decl., Ex. "H".)

A meet and confer conference was set for January 19, 2011 after the deposition.

(*See* Kernan Decl., ¶ 9.)

## IV.   THE DEPOSITION NOTICE DOES NOT PROVIDE REASONABLE NOTICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(1) SO IT SHOULD BE QUASHED

Twelve calendar days notice is not reasonable notice so Plaintiff should not be permitted to proceed with the deposition of Defendant's PMK because it did not provide reasonable notice pursuant to F.R.Civ.Proc. Rule 30(b)(1) which provides: "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party."

In *Paige v. Consumer Programs, Inc.,* 248 F.R.D. 272, 275 (C.D. Cal. 2008), the court found that 14 calendar days was reasonable (relying on *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) which set the standard for reasonable notice at 10 business days):

"Since plaintiff was not deposed on November 30th, CPI was entitled under Rule 30(a)(1) to renotice plaintiff's deposition without leave of the court, and CPI did just that, sending notice on December 7, 2007, of plaintiff's deposition on December 21, 2007. Certainly, this is 'reasonable notice' of the deposition within the meaning of Rule 30(b)(1). *See In re*

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

*Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) ('[T]en business days' notice [of a deposition] would seem to be reasonable.').""

Here, it is clear that Plaintiff failed to comply with the notice standard for reasonable notice.  On January 6, 2011, Plaintiff agreed in writing to continue the deposition which was previously set for January 19, 2011. (*See* Kernan Decl., Ex. "E".)  After refusing to provide new dates for the deposition, Plaintiff changed its mind and attempted to renotice the deposition, serving a letter renoticing the deposition on January 7, 2011. (*See* Kernan Decl., Ex. "I".)  Thus, the notice actually given was a mere 12 calendar days, and only six business days before the deposition.

Additionally, in *Sulfuric Acid*, the court held that notice was not reasonable where the deponents and their lawyers would not be available and where the deposing party was aware of that fact:

"it was obvious-or at least probable-that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices. The plaintiffs were keenly aware of all of these facts and of the competing demands imposed by the other discovery disputes that had been percolating for some period." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D.  at 327.

Here, Defendant's counsel clearly notified Plaintiff in writing that both he and his client were not available on January 19, 2011. (See Kernan Decl. ¶¶ 6 & 7, Ex. "F".)  Plaintiff sent late notice of the deposition anyway, knowing that Defendant was unable to accommodate the notice.  This is certainly not reasonable under the law.

Moreover, there is no urgency which justifies the belated notice of the deposition given that there are more than six months left for discovery in this matter and Defendant has already stipulated to the amendment of other parties in this matter after the deposition. (See Kernan Decl., Ex. "D".)

It is plain that, under these circumstances, the deposition notice was not reasonable or  timely under F.R.Civ.Proc. Rule 30(b)(1) and therefore the deposition notice should be quashed.

## V. DEFENDANT IS ENTITLED TO A PROTECTIVE ORDER CONTINUING THE DATE OF THE DEPOSITION

Alternatively, Defendant is entitled to a Protective Order continuing the date of the deposition to a date convenient to Defendant and its counsel.[1] F.R.Civ.Proc. Rule 26(c)(1) grants the court broad authority to grant a continuance of this deposition:

---

[1] This argument is presented without waiver of the assertion that the deposition notice is untimely.

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

6

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

      (A) forbidding the disclosure or discovery;

      (B) specifying terms, including time and place, for the disclosure or discovery;

      (C) prescribing a discovery method other than the one selected by the party seeking discovery;

      (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;".

Defendant's counsel has repeatedly notified Plaintiff that neither he nor his client are available on January 19, 2011 for the deposition. (*See* Kernan Decl. ¶¶ 6 & 7, Ex. "F".)  Defendant's counsel is unavailable because  has a mandatory court appearance set for January 19, 2011 and has an obligation that day due to his responsibilities teaching law school at University of California, Hastings College of Law.  (See Kernan Decl., ¶ 3.)

On January 6, 2011, Plaintiff agreed to a short continuance.  (*See* Kernan Decl. Ex. "E".)   Defendant relied on this promise and made other business arrangements for that day.  (*See* West Decl. ¶¶ 1-3.)

**AMENDED MOTION TO QUASH NOTICE OF DEPOSITION OR FOR A PROTECTIVE ORDER**

However, Plaintiff refused to provide available dates to reschedule the deposition. (*See* Kernan Decl. Ex. "B", "F" & "J".) Instead, Plaintiff chose to ignore Defendant's availability and unilaterally re-scheduled the deposition for a time that it knows Defendant is not available. (*See* Kernan Decl. Ex. "D", "F" & "I".) Moreover, Plaintiff re-noticed the deposition giving only 12 days notice. (*See* Kernan Decl. Ex. "I".) Additionally, Plaintiff refuses to meet and confer until the day of the deposition at issue. (*See* Kernan Decl. ¶ 9, Ex. "H".)

Plaintiff is burdening, embarrassing and harassing Defendant by improperly and unreasonably scheduling the deposition of Defendant's PMK for a time when it knows Defendant's PMK and Defendant's counsel are unavailable, simultaneously threatening to seek sanctions if Defendant's PMK does not appear.

Therefore, Defendant requests that the court issue an order protecting it from Plaintiff's harassing and burdensome behavior by scheduling the deposition for a reasonable time when Defendant and Defendant's counsel are available, pursuant to its authority to set a time for discovery under F.R.Civ.Proc. Rule 26(c)(1).

## VI.   <u>CONCLUSION</u>

For the reasons set forth herein, Defendant respectfully requests this Court find that Plaintiff's Notice of Deposition of Defendant, Live Entertainment, Inc.,

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

1   does not provide reasonable notice and should be quashed; or alternatively, that

2   the court issue a protective order scheduling the deposition for a reasonable time

3

4   when Defendant and Defendant's counsel are available.

5

6   DATED: January 19, 2011.          THE KERNAN LAW FIRM

7

8

9                                     By: _____

10                                         S. Michael Kernan, Esq.

11                                         Jessica A. Wood, Esq.
                                           Attorneys for Defendant
12                                         Live Entertainment, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

**AMENDED MOTION TO QUASH NOTICE OF DEPOSITION OR FOR A PROTECTIVE ORDER**

## DECLARATION OF RENAUD WEST

I, RENAUD WEST, declare and state as follows.  I make this declaration of my own personal knowledge, except as to matters stated upon information and belief.  I am over the age of 18 and if called upon as a witness I could competently testify to the matters herein.

1.      I am the President of Live Entertainment, the Defendant in this action.  I was set to be deposed on January 19, 2011.  However, I was informed that the deposition had been continued until late February, and I filled my work schedule accordingly.

2.      This is a very busy time of year for my business since we are in the planning stages for our largest show which will be held in March.  After I received notice that the deposition was off the calendar for January 19, 2011, I made other business arrangements which are unrelated to this case for that day which involve third parties and which I do not wish to disclose to Plaintiff, who is now my competitor, having moved into Los Angeles this past year.

3.      These business arrangements prevent me from being available on January 19, 2011.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

1

Executed by me this the 18th day of January, 2011, at Los Angeles, California.

2

3

Renaud West

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF STEPHEN MICHAEL KERNAN, ESQ.</u>

I, STEPHEN MICHAEL KERNAN, declare and state as follows:

I am over the age of 18.  I have personal knowledge of the facts set forth herein, and could testify to those facts if called as a witness herein.  I am attorney at law duly licensed to practice before all courts of this state and counsel for Defendant in this action.

1.  I submit this declaration in support of Plaintiff's Motion for a Protective Order.

**<u>The deposition herein was the first deposition where we agreed on a date</u>**

2.  Prior to Plaintiff's scheduling the deposition of my client for January 19, 2011, Plaintiff unilaterally scheduled the deposition for other days on which my client was not available.   See deposition notice, a true and correct copy of which is attached as Exhibit "A".

**<u>We immediately gave notice early when we realized that we were unavailable and asked for only a short continuance in a case with no deadlines  and further explained the continuance was due to my teaching duties</u>**

3.  I cannot attend a deposition on January 19, 2011 because I have a mandatory court appearance set for January 19, 2011.  Additionally, I am a professor of law at University of California, Hastings College of Law, and my teaching responsibilities this semester are such that I have an obligation that day and I cannot be present for the deposition.   As soon as I realized this issue, I immediately gave Plaintiff's counsel notice, giving him twenty two days notice.

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

**DECLARATION OF STEPHEN MICHAEL KERNAN**

A copy of my email to Plaintiff's counsel is attached as Exhibit "B", and in that email I gave several dates that my client and I were available in only a few weeks.

**Plaintiff's counsel initially refused to the short continuance**

4.  Plaintiff initially refused to the short continuance.  Attached hereto as Exhibit "C" is a true and correct copy of correspondence between counsel in which I provided available dates.

**I send a letter explaining there are no deadlines and it was unreasonable to deny a short continuance**

5.  On January 4, 2011, I sent Plaintiff's counsel a letter explaining there are no deadlines in this case and that it would be unreasonable to deny a short continuance, and cited law therein to support our position.  A true and correct copy of that letter is attached as Exhibit "D".

**Plaintiff's counsel agreed to the short continuance and I informed my client the deposition was off**

6.  On January 6, 2011, Plaintiff's counsel confirmed the deposition is off calendar for January 19, 2011.  A true and correct copy of that letter is attached as Exhibit "E".  I spoke with Plaintiff's counsel and we discussed the dates that I provided him already (see Exhibit "B") and we were awaiting his choice for one of those dates.  We were trying to make sure the deposition was before the mediation date (per Plaintiff's request) so Plaintiff was to get back to us on a mediation date and select one of the dates provided.  I informed my client (as set

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

**DECLARATION OF STEPHEN MICHAEL KERNAN**

forth in his declaration that the January 19, 2011 deposition date was off, and he filled his calendar accordingly.  See Renaud West's Declaration filed herewith.

**I confirm that my client was unavailable**

7.  After discussing the pending matters in this case, and what needs to get done telephonically, I sent Plaintiff's counsel an email discussing these issues. A true and correct copy of that email is attached as Exhibit "F".   I explained in that email that my client was not available for the 19th anymore.  Nonetheless, Plaintiff's counsel stated that he would now notice the deposition for the 19th.

**Plaintiff's counsel orally demands that the deposition be rescheduled**

8.  After Plaintiff's counsel confirmed the deposition is off calendar for January 19, 2011, Plaintiff's counsel then informed me that the deposition was on both after I gave him notice that neither I nor my client were available.  I requested an in person meet and confer at the only date Plaintiff's counsel said he was available before the deposition, January 17, 2011.  A true and correct copy of that email is attached as Exhibit "G".

9.  Plaintiff's counsel informed me that he was not available on January 17, 2011 anymore and could not meet and confer until January 19, 2011.  A true and correct copy of that email is attached as Exhibit "H".

**Plaintiff's counsel unilaterally re-notices the deposition on 12 days notice**

10.  On January 7, 2011, Plaintiff's counsel unilaterally re-noticed the deposition for January 19, 2011.  Attached hereto as Exhibit "I" is a true and

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

**DECLARATION OF STEPHEN MICHAEL KERNAN**

correct copy of correspondence between counsel in which Plaintiff unilaterally re-noticed the deposition.

**Plaintiff's counsel's position on his client's deposition and appearance at the mediation causes the mediator to refuse to hear this case**

11.   At the same time Plaintiff is attempting to re-notice this deposition, he is demanding, despite law to the contrary, that the parties and counsel fly to take his client's deposition in an attempt to drive up the costs in this case.  I offered to take a short deposition of his client here in the afternoon and then do the mediation in this matter the next day.  Plaintiff's counsel said his client would neither come here for deposition, nor would his client come in for the mediation. The mediator said that he did not want to mediate the case unless Plaintiff attended in person, stating if they were not taking it seriously it did not make sense, and he said that he would not want to be the mediator in such instance.  I wrote to Plaintiff's counsel and asked him to contact the mediator which never took place.  We were trying to work out all of these issues.  A copy of my email on this issue is attached as Exhibit "J".  I also wrote to Plaintiff's counsel explaining that he had not picked a date from the dates I previously provided for my client's deposition the last week of February or first week of March.  It should be noted that there is a typographical error and May should have been March as those are the dates we had always been discussing (see Exhibit "B").

**My final attempt to meet and confer**

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

**DECLARATION OF STEPHEN MICHAEL KERNAN**

12.  On January 8, 2011, I wrote to Plaintiff's counsel a final time to avoid this Motion.  We explained the issues herein, including the fact:

- We had only sought a short continuance;

- Plaintiff agreed to the continuance and unilaterally change his mind;

- That Plaintiff's legal position lacked merit; and

- We requested dates the last week of February or first week of March for the deposition of our client.

Attached hereto as Exhibit "K" is a true and correct copy of correspondence sent by me via email on that date.

**The initial filing and of the protective order with the plan to shorten time**

13.  We initially filed the protective order on January 18, 2011 and set the hearing for February 7, 2011 with a plan to shorten time.  However, we realized that Plaintiff's counsel stated he would be unavailable for that time period, thus the motion is being re-filed with the hearing set for February 28, 2011.

**Confirmation of Defendant's counsel's conflicting hearing**

14. Attached as exhibit "L" is a true and correct copy of the Notice of Ruling for the hearing that was part of the reason why I was unavailable for the deposition on January 19, 2011.  The hearing was set for 9:30 a.m. at the Stanley Mosk Courthouse in downtown Los Angeles and I did not depart court until almost 11:30 a.m as I was number 12 on the calendar.  As I informed Plaintiff's counsel, I could not be in two locations at the same time.  I learned in late

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

**DECLARATION OF STEPHEN MICHAEL KERNAN**

1  December that I would need to attend this appearance and immediately, the same

2  day upon learning that the hearing caused a conflict, I informed Plaintiff's

3

4  counsel.

5

6  I declare under penalty of perjury under the laws of the United States that the

7  foregoing is true and correct.  Executed this 19th day of January, 2011 at Los

8

9  Angeles, California.

10

11

12

13  _____
   STEPHEN MICHAEL KERNAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

DECLARATION OF STEPHEN MICHAEL KERNAN

# EXHIBIT "A"

1    Michael D. Kuznetsky, Esq., California State Bar No. 241045
     mikek@fattlegal.com
2    KUZNETSKY LAW GROUP, P.C.
     10 Universal City Plaza, Suite 2000
3    Universal City, CA 91608
     (818) 753-2450, Fax (818) 736-9099
4
     Michael W. Fattorosi, Esq., California State Bar No. 193538
5    michael@fattlegal.com
     FATTOROSI & ASSOCIATES, P.C.
6    5850 Canoga Avenue, Suite 400
     Woodland Hills, California 91367
7    (818) 881-8500, Fax: (818) 881-9008

8    Attorneys for Plaintiff

9                 **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12    VICTORY TRADESHOW MANAGEMENT )   CASE NO. CV 10-4811 CAS (Ex)
     GROUP, LLC, a New Jersey Limited Liability )
13    Company,                      )   *[Assigned to District Judge*
                                       )   *Christina A. Snyder, Courtroom 5]*
14              Plaintiffs,      )
                                    )   **SECOND AMENDED PLAINTIFF'S**
15    vs.                                 )   **NOTICE OF TAKING DEPOSITION**
                                    )   **OF THE PERSON MOST**
16    LIVE ENTERTAINMENT, INC., a Nevada )   **KNOWLEDGEABLE OF**
     Corporation; and DOES 1 through 10, inclusive )   **DEFENDANT, LIVE**
17                                     )   **ENTERTAINMENT INC.**
                                    )
18             Defendants.      )   Date: January 19, 2011
                                    )   Time: 10:00 a.m.
19 ————————————————————   Place: Fattorosi & Associates, PC,
                                        5850 Canoga Ave, 4th Floor,
20                                         Woodland Hills CA 91367

21    ///

22    ///

23    ///

24

25

26

27

28

1

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 30, Plaintiff, VICTORY TRADESHOW MANAGEMENT GROUP, LLC, will take the oral deposition of THE PERSON MOST KNOWLEDGEABLE OF DEFENDANT, LIVE ENTERTAINMENT, INC., on January 19, 2011, at 10:00 a.m. at Fattorosi & Associates, P.C., located at 5850 Canoga Ave., Suite 400, Woodland Hills, CA 91367. This deposition has been continued to January 19, 2011 from the previously noticed date of January 17, 2011 by stipulation of the parties.

The deposition shall be conducted before a certified shorthand reporter authorized to administer oaths who will record the deposition stenographically, and will continue day to day, excluding Sundays and Legal Holidays, until completed.

The deponent is not a natural person. The matters on which the deponent will be examined are as follows but not limited to:

1.      Registration of the following domain names: exxxotica-lv.com; exxxoticaexpo-la.com; exxxoticaexpo-lv.com; exxxoticaexpola.com; exxxoticaexpolv.com; exxxoticala.com; exxxoticalasvegas.com; exxxoticalosangeles.com; exxxoticalv.com; exxxoticavegas.com; exoticaexpo-la.com;   exoticaexpo-lv.com;   exoticaexpola.com;   exoticaexpolv.com; exoticala.com;   exoticalosangeles.com;   exoticalv.com;   exoticavalasvegas.com; exoticavegas.com;

2.      The total visits to the website http://www.AdultCon.com controlled by Defendant, LIVE ENTERTAINMENT INC;

3.      The total visitor sales made by Defendant, LIVE ENTERTAINMENT INC. for the adult convention AdultCon;

4.      The total exhibitor sales made by Defendant, LIVE ENTERTAINMENT INC. for the adult convention AdultCon;

5.      The total sales made by Defendant, LIVE ENTERTAINMENT INC. for the adult convention AdultCon through the website http://www.AdultCon.com;

2

1    The deponent is obligated to designate and produce at the time of the deposition the

2    officers or employees most qualified to testify on its behalf with respect to the matters

3    specified above pursuant to the Federal Rules of Civil Procedure, Rule 30(b)(6).

4    Plaintiff reserves the right to record the deposition stenographically as well as by

5    videotape.  The deposition is being taken for the purposes of discovery, for use at trial, or for

6    such other purposes as are permitted under the Federal Rules of Civil Procedure.

7

8    Dated: December 13, 2010               By: _____
                                                 Michael D. Kuznetsky, Attorney for Plaintiff
9                                                KUZNETSKY LAW GROUP, P.C.
                                                 10 Universal City Plaza, Suite 2000
10                                               Universal City, CA 91608
                                                 mike@kuzlaw.com
11                                               Telephone No.: 818-753-2450

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am employed in the County of Los Angeles, State of California.  I am over the age of
     18 and not a party to the within action.  My business address is 10 Universal City Plaza, Suite
4    2000, Universal City, CA 91608.

5          On December 13, 2010, I served the foregoing document described as **SECOND
     AMENDED PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF THE PERSON MOST
6    KNOWLEDGEABLE OF DEFENDANT, MAYA MAGAZINES, INC.** on the interested parties
     in this action:
7

8    ⎯    By placing ___ the original ___ true copies thereof enclosed in sealed envelopes
          addressed as stated on the attached mailing list.

9    _X_  By placing ___ the original _X_ true copies thereof enclosed in sealed envelopes
          addressed as follows:
10

     Stephen Michael Kernan, Esq.
11   THE KERNAN LAW FIRM
     9663 Santa Monica Blvd #450
12   Beverly Hills, CA 90210
     **Attorney for Defendant,**
13   **LIVE ENTERTAINMENT, INC.**

14

15   _X_  (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing
          correspondence for mailing.  Under that practice it would be deposited with the U.S.
16        postal service on that same day with postage thereon fully prepaid at Toluca Lake,
          California in the ordinary course of business.  I am aware that on a motion of the party
17        served, service is presumed invalid if postal cancellation date or postage meter date
          is more than one day after date of deposit for mailing in affidavit.
18
     _X_  (E-MAIL) By causing a true and correct copy of same to be sent by electronic mail to
19        the addressee(s).

20   ⎯    (PERSONAL SERVICE)  By causing such envelope to be delivered by hand to the
          office(s) of the addressee(s).
21
     Executed on December 13, 2010, at Toluca Lake, California.
22
     _X_  I declare under penalty of perjury under the laws of the State of California that the
23        above is true and correct.

24   ⎯    I declare that I am employed in the office of a member of the bar of this Court, at
          whose direction the service was made.
25

26   _____
     MICHAEL KUZNETSKY
27

28

# EXHIBIT "B"

## S. Michael Kernan

From: Michael Kernan <kernanlaw@gmail.com>
Sent: Tue, Dec 28, 2010 at 10:16 AM
To:    Michael Fattorosi <michael@fclawyers.com>
Subject: Depo of my client

I had something come up with my law school teaching schedule, and need to move the date of my client's deposition. I know you said you are out until mid-February, so I selected dates the last two weeks of February (so it is only a short continuance). We will do it the week of the mediation, either the last week of February or first week of March, 2011.

Let me know what dates work for you from the following:

February 21, 22, 23, 24 or 28; or March 1, 2 or 3.

We can do the mediation sometime later in the week, so let me know two dates you have available.

Thanks,
Michael

S. Michael Kernan, Esq.
The Kernan Law Firm
9663 Santa Monica Blvd, Suite 450
Beverly Hills, California 90210
t: 310 490 9777
f: 310 861 0503
mkernan@kernanlaw.net

B

# EXHIBIT "C"

## S. Michael Kernan

From: Michael Fattorosi <michael@fclawyers.com>
Sent: Tue, Dec 28, 2010 at 11:29 AM
To: "S.Michael Kernan, Esq" <mkernan@kernanlaw.net>
Cc: "MikeK fattlegal.com" <mike@fattlegal.com>
Subject: Re: Depo of my client

Sent via Email to mkernan@kernanlaw.net , Fax and US Mail

December 28, 2010

Mr. Kernan;

I am not inclined to postpone the deposition any further than it already has been. Your client's PMK deposition was to have occurred in early December. I have already granted a two month continuance of such. I have a cut off date of March 14, 2011 to join additional parties. A deposition in late February gives me little room to do so if necessary. Further, discovery cut off is June 27, 2011.

You have already indicated that you will not have your client execute a confidentiality agreement and that you will not allow me to ask certain questions of your client at his deposition that pertain to his business practices. It appears that a motion to compel with be necessary if you obstruct my discovery rights. Furthermore, we may have to conduct your client's PMK deposition in front of a Magistrate or the Judge herself.

Your client has already stipulated to January 19, 2011 and therefore if I will expect your client and either you or the handling attorney to be there. She has already made an appearance on this matter and thus is considered the handling attorney under local court rules.

If you now tell me she is also not available and that your client does not appear we will simply motion to compel the deposition in front of the Judge so that way any questions to any objections you may choose to make can be ruled on immediately.

If you agree to have your client sign a confidentiality agreement and waive such objections at the time of the deposition I would be more willing to agree to a short continuance. At least I will be assured that there will be no need to compel his answers at that point.

A confidentiality agreement is almost an automatic when it comes to cases such as this one. It protects your client and mine equally.

Please be advised that we will be present with a court reporter and ready to conduct the PMK's deposition on January 19, 2011 as stipulated. If your client does not appear on

that date we will seek to compel with a request for costs and fees for such motion and time spent preparing for and time spent at the deposition.

Please advise.

Regards
Michael Fattorosi

Law Offices of Fattorosi & Associates
5850 Canoga Ave
Suite 400
Woodland Hills, CA 91367
818.881.8500
818.881.9008 fax
310.666.3100 cell

NOTICE: The information contained in this transmission is privileged, confidential, and intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in the reliance on the contents of this transmission is strictly prohibited. If you have received this transmission in error, please notify the Law Offices of Fattorosi & Associates by reply e-mail or telephone and destroy the original message. Thank you.

# EXHIBIT "D"

# THE KERNAN LAW FIRM
9663 Santa Monica Blvd. Suite No. 450
Beverly Hills, CA 90210

Stephen Michael Kernan, Esq.
Direct: (310) 490-9777
Facsimile: (310) 861-0503

Adjunct Professor of Law
University of California,
Hastings College of Law

January 4, 2011

**Via Email**

Michael Fattorosi, Esq.
Fattorosi & Associates, P.C.
5850 Canoga Ave., Suite 400
Woodland Hills, CA 91367

Re: Victory v. Live Entertainment

Dear Michael:

We have asked for a three week continuance of the first setting of the deposition in this matter (the prior was unilaterally set). There are no legal grounds to refuse this short continuance. As I have informed you previously, I teach law school in the Spring up in San Francisco at The University of California, Hastings College of Law. Due to matters relating to a new class that I am teaching, I need to reschedule the deposition of my client. I would note that you have already indicated that you are not available for the first two weeks of February, so scheduling this deposition at the end of February is as much and issue of your schedule as it is mine.

There are no current deadlines: There are more than six months left for discovery in this matter. Moreover, if we needed to modify the scheduling order, you would be permitted to do so based upon this need to continue the deposition. See *Manuel v. KGG Wichita Hotel Partners, LLC*, 2010 WL 3861278 (D.Kan. 2010). But the fact is that you do not need to do so, because we have six (6) months left for discovery.

A late February or early March deposition date is well within the time limit for setting a deposition, and a setting of the deposition at that date will not affect the scheduling order. Additionally, the issue of amendment is a non-issue, because we will stipulate to the amendment of other parties after the deposition. I am the attorney of record in this matter and I will be handling all deposition matters for my client. As I have explained, I am unavailable on January 19, 2011. Please contact me regarding alternative dates.

Very truly yours,
*S. Michael Kernan, signed electronically*
S. Michael Kernan, Esq.

San Francisco Office: University of California, Hastings Law, 200 McAllister Street, San Francisco, CA 94102
Telephone: 415.565.4601 | Facsimile: 888.886.4479 | Email: KernanM@UCHastings.Edu

EXHIBIT "E"

**S. Michael Kernan**

From: Michael Fattorosi <michael@fclawyers.com>
Sent: Thu, Jan 6, 2011 at 12:27 AM
To: "S.Michael Kernan, Esq" <mkernan@kernanlaw.net>
Cc: "MikeK fattlegal.com" <mikek@fattlegal.com>
Subject: Re: Depositions

Dear Mr. Kernan;

We are amenable to one last short continuance. However, be aware that this will be the final continuance of your client's PMK deposition that we will consider. Further, before I am willing to rescheduled the current deposition date off I will require that the new date by stipulated to by both you and your client.

If we can cannot come to an agreement as to a new date prior to the currently stipulated deposition of Live's PMK on January 19, 2011 I plan on moving forward with that deposition and if necessary securing a Notice of Non-Appearance. Again, my calendar is open from February 14th through and including February 28th. Please advise if any of these dates are agreeable to you and your client. If so I will prepare and send out new notice and reschedule the court reporter.

As for the mediation, it will now have be moved to a date in late February following the deposition of your client's PMK. I anticipate that your client's deposition will require a full day. Therefore do not set the mediation for the same day. Please contact the the mediator and provide my office with dates that are available for him. I will not attend the mediation until the deposition of your client's PMK has been completed. Thus it will be necessary to request that the Judge provide us with new date for the completion of the mediation as well as a new post mediation hearing date. I assume you will want to draft the stipulated request for the court so we can file it in ample time so as to avoid an unnecessary appearance. Based on these discussions I believe a mediation cut off date of February 28, 2011 and a new conference date of March 7, 2011 should be acceptable to her.

Please forward the stipulation for the court at your earliest opportunity.

Regards
Michael Fattorosi

Law Offices of Fattorosi & Associates
5850 Canoga Ave
Suite 400
Woodland Hills, CA 91367
818.881.8500
818.881.9008 fax
310.666.3100 cell



# EXHIBIT "F"

**S. Michael Kernan**

From: Michael Kernan <kernanlaw@gmail.com>
Sent:  Thu, Jan 6, 2011 at 6:00 PM
To:     Michael Fattorosi <Michael@fclawyers.com>
Subject: Pending issues

Incidentally, I left out that my client is no longer available for the 19th.

Here is what needs to be done:

1.  Need to confirm in person meet and confer.

2.  Need to get a new mediator.

3.  Need to set my client's deposition.

4.  Need to set your client's deposition.

5.  Need to set mediation.

I have the last week of February and the first week of March and then I am into April, so please let me know as soon as possible.

Thanks,
Michael


S. Michael Kernan
The Kernan Law Firm
9663 Santa Monica Blvd., No. 450
Beverly Hills, California 90210
Direct: 310.490.9777
Facsimile: 310.861.0503



# EXHIBIT "G"

**S. Michael Kernan**

From: kernanlaw@gmail.com <kernanlaw@gmail.com>
Sent:  Thu, Jan 6, 2011 at 8:14 AM
To:    Michael Fattorosi <michael@fclawyers.com>,
Cc:    "MikeK fattlegal.com" <mikek@fattlegal.com>
Subject: Re: Depo of your client

I request an in person meet and confer on this issue. We will need to move to compel if this is your position. How is the 17th of January?


S. Michael Kernan
The Kernan Law Firm
9663 Santa Monica Blvd., No. 450
Beverly Hills, California 90210
Direct: 310.490.9777
Facsimile: 310.861.0503



# EXHIBIT "H"

**S. Michael Kernan**

From: Michael Fattorosi <michael@fclawyers.com>
Sent: Thu, Jan 6, 2011 at 8:26 AM
To:    kernanlaw@gmail.com
Cc:    "MikeK fattlegal.com" <mikek@fattlegal.com>
Subject: Depo of your client

Mr. Kernan;

Unfortunately, January 17, 2011 doesnt work for an in person meet & confer. I am
currently scheduled to attend a deposition on another matter in Las Vegas. I previously
provided dates that were open for me for the mediation. Those dates are the only ones I
have available in January.

Regards
Michael Fattorosi

Law Offices of Fattorosi & Associates
5850 Canoga Ave
Suite 400
Woodland Hills, CA 91367
818.881.8500
818.881.9008 fax
310.666.3100 cell

NOTICE: The information contained in this transmission is privileged, confidential, and
intended only for the use of the individual or entity named above. If you are not the
intended recipient, you are hereby notified that any disclosure, copying, distribution, or
the taking of any action in the reliance on the contents of this transmission is strictly
prohibited. If you have received this transmission in error, please notify the Law Offices
of Fattorosi & Associates by reply e-mail or telephone and destroy the original message.
Thank you.

H

# EXHIBIT "I"

LAW OFFICES OF

# FATTOROSI &
# ASSOCIATES, P.C.

5850 CANOGA AVENUE, SUITE 400
WOODLAND HILLS, CALIFORNIA 91367
TEL: (818) 881-8500; FAX: (818) 881-9008

January 7, 2011

**VIA FACSIMILE (310) 861-0503**
**AND FIRST CLASS MAIL**
Stephen Michael Kernan, Esq.
THE KERNAN LAW FIRM
9663 Santa Monica Blvd #450
Beverly Hills, CA 90210

**Re:     Victory Tradeshow Management Group, LLC v. Live Entertainment, Inc.**
**CACD Case No. CV 10-4811 CAS (Ex)**

Dear Mr. Kernan:

Based upon your repeated inconsistencies in your attempt to reschedule your client's PMK deposition I must now decline to agree to such. You have indicated that counsel from your office is available on January 19, 2011 to conduct an in-person meet and confer at 9 a.m. in this matter in my office however, the same counsel is not available to defend the deposition on the same date at 10 a.m. I find this rather odd. You now claim that now your client is also no longer available on January 19, 2011.

According to Local Rule 16-13, counsel that appears at the Scheduling Conference SHALL be the attorney to have charge of the conduct of the trial of the matter. You did not attend such Conference. Jessica was in fact the attorney that appeared on behalf of your client at that Conference. Under L.R. 16-13 she has charge of the file at this point. She is capable of attending the Scheduling Conference and representing your client in regards to a meet and confer however she cannot defend a deposition? Further, we do not have to have your client's agreement to a deposition date. We may set a PMK deposition on notice according to the Federal Rules of Civil Procedure. We previously continued the deposition to a mutually agreeable date as a matter of courtesy which I now see is not being repaid in kind.

You and your client have stipulated to the deposition of the PMK on January 19, 2011 at 10 a.m. in my offices in Woodland Hills. I expect that your client and someone from your offices will be in attendance. If not we will take a Certificate of Non-Appearance and will compel the PMK's attendance and will request costs and sanctions be imposed. Please govern your actions accordingly.

Very truly yours,

FATTOROSI & ASSOCIATES, P.C.

MICHAEL W. FATTOROSI

MWF:s

# EXHIBIT "J"

**S. Michael Kernan**

From: Michael Kernan <kernanlaw@gmail.com>
Sent: Thu, Jan 6, 2011 at 5:49 PM
To:    Michael Fattorosi <michael@fclawyers.com>
Subject: Re: Depo of your client

I have already informed you that I am doing the deposition and I am not available.

You have not given me dates for the deposition for the end of February or first week of May. I also need dates for the mediation.

We need a different mediator. Mr. Diliberto will not do the mediation if your client is not there in person.

Let me know.

Thanks,
Michael


S. Michael Kernan
The Kernan Law Firm
9663 Santa Monica Blvd., No. 450
Beverly Hills, California 90210
Direct: 310.490.9777
Facsimile: 310.861.0503



# EXHIBIT "K"

**S. Michael Kernan**

From: Michael Kernan <kernanlaw@gmail.com>
Sent: Sat, Jan 8, 2011 at 6:09 AM
To:    Michael Fattorosi <michael@fclawyers.com>
Cc:    "MikeK fattlegal.com" <mikek@fattlegal.com>
Subject: RE: Fw: RE: Victory v. Live – Meet and Confer

The local rule you cite has nothing to do with depositions.

We have asked for a three week continuance of the deposition because as previously explained in writing neither my client nor I are available.

Your position that you have now changed your mind is not well taken.
My client changed his schedule after your initial position. Moreover, it unreasonable for you to refuse to continue the first setting of the deposition here (the prior setting was completely unilateral), particularly when we are talkiqng about such a minor continuance.

Pleas stop playing games and procked us with dates the last week of February or first week of March that work for this deposition and the mediation in this matter.

If not, we request an in-person meet and confer on our motion for protective order.   We would ask that it be held at the same time that we discuss our motion to compel.

Thanks,
Michael

S. Michael Kernan
The Kernan Law Firm
9663 Santa Monica Blvd., No. 450
Beverly Hills, California 90210
Direct: 310.490.9777
Facsimile: 310.861.0503



# Exhibit "L"

Michael Kernan (SBN 181747)
Jessica Wood (SBN 269562)
THE KERNAN LAW FIRM
9663 Santa Monica Boulevard, Suite No. 450
Beverly Hills, CA 90210
Telephone: (310) 490-9777
Facsimile: (310) 861-0503

Attorneys for Petitioner
Stephen M. Kernan

SUPERIOR COURT OF THE STATE OF CALIFORNIA

STANLEY MOSK COURTHOUSE

COUNTY OF LOS ANGELES

STEPHEN M. KERNAN, an individual,       ) CASE NO.  BS126611
                                        )
              Petitioner,               ) **NOTICE OF RULING**
                                        )
       v.                               )
                                        )
LOS ANGELES DEPARTMENT OF               )
BUILDING COMMISSIONERS, a               )
municipal corporation, and DOES 1       )
through 10, inclusive,                  )
                                        )
              Respondents.              )
                                        )

1

**NOTICE OF RULING**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 19, 2011 at 9:30 a.m. in Department 85 of the above court located at 111 N. Hill Street Los Angeles, CA 90012, the Trial Setting Conference came on regularly for hearing with Michael Kernan appearing on behalf of Petitioner and Kim Westhoff specially appearing on behalf of Respondent. Based upon the statements of counsel that the matter is close to resolution, the court continued the Trial Setting Conference to February 23, 2011 at 9:30 a.m. and if the matter is not settled prior to that date Petitioner is ordered to re-serve Respondent with the Petition and Supporting Documents.

DATED: January 19, 2011

Respectfully Submitted,

THE KERNAN LAW FIRM

By: _____

Jessica Wood
Michael Kernan
Attorneys for Petitioner

THE KERNAN LAW FIRM
9665 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-4777

2

**NOTICE OF RULING**

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 9663 Santa Monica Boulevard, Suite 450, Beverly Hills, California 90210.

    On January 19, 2011, I served the foregoing document(s) described as:

**NOTICE OF RULING**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

    SEE ATTACHED LIST

    X    (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

    (BY INTERNATIONAL OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by International Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

    (BY PERSONAL SERVICE)  I delivered by hand to the offices of the below named addressee the document above.

    (BY EMAIL)  I caused such documents to be delivered via electronic mail to the email addresses for counsel on the attached list.

    Executed January 19, 2011, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the United States that the above is true and correct.

_____
Jessica Wood

THE KERMAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 496-9777

1

## SERVICE LIST

1

2  Kim Rodgers Westhoff
3  Office of the Los Angeles City Attorney
   200 North Main Street, City Hall East 701
4  Los Angeles, California 90012

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

PROOF OF SERVICE

**PROOF OF SERVICE**

COUNTY OF LOS ANGELES
STATE OF CALIFORNIA

   I am over eighteen years of age, not a party in this action, and employed in Los Angeles County, California at 9663 Santa Monica Boulevard, Suite 450, Beverly Hills, CA 90210. I am readily familiar with the practice of this office for collection and processing of correspondence

   On January 19, 2011, I served the attached:

**NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION NOTICE OR ALTERNATIVELY FOR PROTECTIVE ORDER CONTINUING THE DATE OF THE DEPOSITION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF S. MICHAEL KERNAN**

   ☐   **(BY FAX)** on _____ at _____, by transmitting via facsimile the documents(s) listed above to the fax number(s) set forth below on this date. The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and the transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2009(c)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this facsimile.

   X   **(BY MAIL)** by causing a true and correct copy of the above to be placed in the United States Mail at Los Angeles, California in a sealed envelope(s) with postage prepaid, addressed, and set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

   ☐   **(BY EXPRESS MAIL/OVERNIGHT DELIVERY)** by causing a true and correct copy of the documents listed above to be delivered by FedEx in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

   X   **(BY EMAIL)** by causing a true and correct copy of the above documents to be delivered via electronic mail to the email address(es) for counsel on the attached list.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on January 19, 2011, at Los Angeles, California.

_____
S. Michael Kernan

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

1

## <u>SERVICE LIST</u>

Michael Fattorosi, Esq.
Michael D. Kuznetsky, Esq.
Fattorosi & Associates, P.C.
5850 Canoga Avenue Suite 400
Woodland Hills, CA 91367
Phone Number: (818) 881-8500
Fax Number: (818) 881-9008
mikek@fattlegal.com
michael@fclawyers.com
michael@fattlegal.com

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777